IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

CESAR JOSE CASTILLO-ARAUJO,

Petitioner,

vs.

WARDEN, MCCOOK DETENTION CENTER, et al.,

Respondents.

8:26-CV-579

MEMORANDUM AND ORDER CONDITIONALLY GRANTING WRIT OF HABEAS CORPUS

The petitioner is a noncitizen currently detained by U.S. Immigration and Customs Enforcement at the McCook Detention Center in McCook, Nebraska. Filing 1. He seeks a writ of habeas corpus under 28 U.S.C. § 2241. Filing 1. The petitioner asserts his prolonged detention—since December 23, 2026—violates the Due Process Clause of the Fifth Amendment. Filing 1 at 1; filing 8 at 4. The Court agrees, and will conditionally grant the petition.

The petitioner is a citizen of Venezuela who entered the United States at or near Eagle Pass, Texas on or about July 9, 2022. Filing 8 at 4-5. He was encountered by immigration officials in a Douglas County, Nebraska jail in November 2026 and, after serving a sentence for disorderly conduct there, was taken into ICE custody on December 23 and placed in removal proceedings. Filing 8 at 4; filing 8-3; filing 8-4. On February 24, an immigration judge ordered the petitioner to be removed to Venezuela. Filing 8 at 5; filing 8-5. He appealed to the Board of Immigration Appeals and that appeal remains pending. Filing 8 at 5; filing 8-6; filing 8-7.

The government contends that the petitioner is an "arriving alien" subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2), under the Eighth Circuit's construction of § 1225 in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026). Filing 6 at 4-7. But the petitioner has been detained for almost

seven months without an individualized custody determination, which infringes on his Fifth Amendment due process rights for the reasons articulated in *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026).[1] Accordingly,

IT IS ORDERED:

1. The Petition for Writ of Habeas Corpus (filing 1) is conditionally granted.

2. The government shall provide the petitioner with a constitutionally sufficient detention hearing **<u>on or before October 19, 2026</u>**.

3. If the government does not provide the petitioner with a detention hearing as required, the petitioner must be immediately released from detention.

4. If an immigration judge determines the petitioner should be released on bond, or if the petitioner is released because a detention hearing was not held, the government shall return

[1] As in *Oporta*, the Court declines to prescribe the *precise* form such a hearing should take (although the procedures associated with 8 U.S.C. §§ 1226(a) or 1231(a) and their associated regulations are probably the most straightforward course) so long as the requirements of due process are meant: The petitioner must have notice and an opportunity to present evidence and argument to a neutral administrative official, *cf. Morrissey v. Brewer*, 408 U.S. 471, 485-88 (1972), and a individualized justification is necessary to detain the petitioner without bond, *see Oporta*, 2026 WL 2224753, at *5.

the petitioner to Des Moines, Iowa or provide him with the means to return there.

5. **<u>On or before October 22, 2026</u>**, the government shall provide the Court with a status update regarding the bond hearing or, if no bond hearing was held, advise the Court regarding the petitioner's release.

Dated this 5th day of October, 2026.

BY THE COURT:

John M. Gerrard

John M. Gerrard
Senior United States District Judge